By the Court.
This action was instituted by the city of Newark, which, in its amended petition, alleged that the city treasurer of that city about June 19, 1905, caused to be deposited in The Franklin National Bank of Newark, Ohio, the sum of $75,000 belonging to said city; that such sum of money remained on deposit and under the control of that bank until December 5, 1905, when $15,000 *454 was withdrawn; but that the balance, $60,000, remained in the custody and control of said bank until March 5, 1906.
Plaintiff averred that said bank received and deposited said funds with the other funds belonging to and under its control, and used the same for the purpose of deriving, and did derive, large profits in loaning the same in its banking business; that said deposit was made without the knowledge or consent of the city or its council, and without the consent of the bondsmen of the city treasurer, and was received by the bank with knowledge that said funds were the public funds of the city of Newark. Plaintiff sought an accounting of the profits derived from the use of its funds by said bank.
The defendant by answer admitted the deposit in said bank of the funds of the city, by the city treasurer, in amount and for the period of time set out in the amended petition. As a defense the defendant.averred that at the time said funds were so deposited no depository had been selected or created by the city council for the funds of the city, and that plaintiff had failed to provide the city treasurer with any place to keep the funds of the city and failed to require him to give bond in a sum adequate to protect such funds; that it had become necessary for the treasurer in the discharge of his duty to deposit $300,000 derived from the sale of waterworks bonds, which he did by dividing the same among the several banks of the city; that such disposition of said funds was made upon the order and direction of the plaintiff and upon the understanding and agreement upon the *455 part of plaintiff and defendant that the same should be repaid upon demand and no interest should be paid on said funds or' compensation charged for the safe-keeping of the same; that defendant was ready and willing at all times upon demand to repay said money; and that plaintiff received said money back, and surrendered the certificates issued therefor, in full payment of all obligation assumed by defendant, and is estopped from claiming any interest on said fund or from claiming or receiving any remuneration from the defendant by reason of said transaction, by way of interest on said money or otherwise.
By reply the plaintiff admitted that no depository had been selected by the council of the city of Newark for the city’s funds; also that the deposit in question was part of a fund derived from the sale of waterworks bonds divided among the several banks of the city.
The case was heard in the court of common, pleas upon the issues thus joined and that court held the defendant to account to plaintiff as a trustee of said fund, and determined the amount of profit made by the defendant thereon by crediting the average total deposit of the city with the rate of net profit realized by the bank upon its entire assets during the period said fund was on deposit. That rate of profit was found to be 1 and 49-100 per cent., the amount of profits to be credited to said fund $1,039.83, and judgment was rendered therefor. Upon proceedings in error the court of appeals affirmed that judgment.
It is conceded that had the city treasurer him *456 self realized a profit from the use or disposition of the city' funds he would be under legal obligation to account for such profit, but it is contended that the provision of Section 4294, General Code, wherein it is required that all profits arising from such deposit in banks shall inure to the benefit of the funds, does not lay upon banks receiving such deposits any obligation to account for profits realized by them from the use of such funds.
The issues of fact which may be regarded as material in this case were whether such funds were received upon the condition that no compensation should be paid therefor either as interest or otherwise, and whether such funds were in fact received and at all times held by the bank as a special deposit and no profit realized by the bank from the possession and use thereof. These were disputed questions of fact which were found by the trial court against the contention of the bank, and the record discloses evidence tending to support that finding. Whether supported by the weight of the evidence we do not inquire.
Section 4294, General Code, provides as follows;
“Upon giving bond as required by council, the treasurer may, by and with the consent of his bondsmen, deposit all funds and public moneys of which he has charge in such bank or' banks, situated within the county, which may seem best for the protection of such funds, and such deposit shall be subject at all times to the warrants and orders of the treasurer required by law to be drawn. All profits arising from such deposit or deposits shall inure to the benefit of the funds. Such deposit *457 shall in no wise release the treasurer from liability for any loss which may occur thereby.”
We think it clear from the provisions of this and cognate sections of the General Code that any bank receiving funds of a municipality under the circumstances disclosed by this record, knowing the same to be the funds of the municipality, becomes a trustee and must account to thé municipality for the fund so deposited and all profits arising from such deposit.

Judgment affirmed.

Nichols, C. J., Wanamaker, Newman, Jones, Matthias and Johnson, JJ., concur.